IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICA ROSE o/b/o A.D.W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2187-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Erica Rose, appearing *pro se*, on behalf of her minor child, A.D.W., seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Background**

This is an appeal from the decision of the Commissioner of Social Security denying the claim of Plaintiff on behalf of A.D.W., for supplemental security income ("SSI").

Plaintiff protectively filed an application for SSI on behalf of A.D.W., alleging learning and behavioral disabilities and asthma. After Plaintiff's application for SSI benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 28,

2014. *See* Administrative Record [Dkt. No. 17] ("Tr.") at 13.

At the time of the hearing, A.D.W. was 12 years old and thus was classified as an "adolescent." *See* 20 C.F.R. § 416.926a(g)(2)(v).

A.D.W. has not engaged in substantial gainful activity since the application date of April 23, 2012. *See* Tr. at 16.

The ALJ found that A.D.W. was not disabled and therefore not entitled to SSI benefits. Although the evidence established that A.D.W. suffered from attention deficit hyperactivity disorder ("ADHD"); obtrusive sleep apnea; obesity; nocturnal enuresis; asthma; and disruptive behavior not otherwise specified, the ALJ concluded that the severity of the impairments did not meet or equal any impairment listed in the social security regulations. *See* Tr. at 16-25. In making this determination, the ALJ found that A.D.W. did not have two "marked" limitations or one "extreme" limitation in any area of functioning and therefore was not disabled under the Act for the relevant time period. *See id.*

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action *pro se* in federal district court. The Court notes that this type of case is "an exception" to the rule "that 'non-attorney parents generally may not litigate the claims of their minor children in federal court.'" *Sprague v. Dep't of Family & Prot. Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (per curiam) (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases)). Social Security proceedings have been distinguished from the general rule on the basis that "the minors' rights [are] adequately protected without legal counsel because [such]

proceedings 'essentially involve the review of an administrative record.'" *Id.* (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); citation omitted).

And the Court determines that the hearing decision must be reversed and remanded for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

Under the Social Security Act, a child under the age of eighteen years is considered disabled if he has a medically determinable impairment "which results in marked and severe functional limitations" and which can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner utilizes a sequential, three-step inquiry to determine whether a claimant under the age of eighteen years is disabled. Those steps are

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.
>
> 2. An individual who does not have a "severe impairment" will not be found to be disabled.
>
> 3. An individual who "meets, equals, or functionally equals a listed impairment in Appendix 1" of the regulations will be considered disabled.

20 C.F.R. § 416.924(a).

If the child's impairment does not medically meet a listed impairment in Appendix 1, the ALJ will still, pursuant to 20 C.F.R. § 416.924(a)-(d), perform a "functional equivalence" analysis in which it considers whether the applicant's impairment results in a "marked" limitation in two, or an "extreme" limitation in one, of the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects (or "motor skills domain"); (5) caring for oneself; and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1), (d); *Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x 773, 778 (5th Cir. 2012). The burden lies with the claimant to prove his disability. *See* 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner's determination is afforded great deference. *See Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C.A. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

That Plaintiff is representing her minor child *pro se* in this appeal of the ALJ's decision imposes an additional layer of consideration for the Court.

As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for *pro se* actions seeking judicial review of adverse administrative decisions by

the Commissioner. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 752 (E.D. Tex. 2005). More often than not, *pro se* litigants in Section 405(g) appeals invite the Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F. Supp. 2d at 791. Necessarily, the level of scrutiny rests in each reviewing court's sound discretion. *See Elam*, 386 F. Supp. 2d at 753. But several universal principles factor logically into that equation.

Courts must construe *pro se* pleadings and arguments liberally in light of a party's lay status but must maintain their role as neutral and unbiased arbiters. That is, courts are not bound to "scour the record for every conceivable error," but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized. *See id.*

To strike a fair balance, the undersigned follows courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* But, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process. In the instant case, the undersigned elects to examine the decision to the same extent as the undersigned believes an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id.* In following this approach, the undersigned will engage

-6-

in three critical inquiries:

> 1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?
>
> 2. Were the Commissioner's critical fact findings made in compliance with applicable law?
>
> 3. Does substantial evidence support those critical findings?

*Washington*, 413 F. Supp. 2d at 792.

## Analysis

A.D.W. "was born on January 10, 2002." Tr. at 16. The ALJ was therefore correct that "he was a school-age child on April 23, 2012, the date the application was filed." *Id.*; *see* 20 C.F.R. § 416.926a(g)(2)(iv) (defining school-age child as age 6 to attainment of age 12). But, contrary to the ALJ's decision, A.D.W. was not "currently a school-age child" at the time of the hearing decision (issued May 23, 2014) or even at the time of the hearing (on January 28, 2014). Tr. at 16; *see id.* at 13, 10.

In making the determination that A.D.W., is not disabled, the ALJ only considered the age category for a school-age child as to each applicable functional-equivalence domain. *See* Tr. at 20, 21, 22, 23, & 24.

This is significant because "[a] claimant's age is 'an important factor' in determining functional equivalence. When evaluating the effects of a claimant's impairment(s) on functioning, the ALJ must consider, among other things, 'how the claimant's functioning compares to the functioning of children the claimant's age who do not have impairments.'" *Artis v. Colvin*, No. 5:15-cv-119-FL, 2016 WL 937703, at *6

(E.D.N.C. Feb. 25, 2016) (respectively quoting 20 C.F.R. §§ 416.924b(a), 416.924a(b)(3); citing *Lawson ex rel. D.D.L. v. Astrue*, No. 4:08CV282HEA, 2009 WL 2143754, at *8 (E.D. Mo. July 13, 2009)) (original brackets deleted). In *Artis*, the court determined that the ALJ's failure to clearly consider the applicable age categories "may have materially affected the analysis and, thus, requires remand." *Id.*; *see also A.M. v. Colvin*, No. 4:15cv129AGF, 2016 WL 1060366, at *10 (E.D. Mo. Mar. 17, 2016) ("The Court cannot determine, from a review of the ALJ's decision, which age group category the ALJ applied to evaluate Plaintiff's functioning and, if he applied the wrong age group category, whether his analysis would have changed had he applied the correct one. Accordingly, the Court finds that remand is appropriate." (citations omitted)).

Moreover, when, as occurred here, an ALJ fails to explicitly consider the minor claimant's maturing from one age category to another (from the time the application is filed until the hearing is held and a decision is issued), reviewing courts have found such an error requires reversal and remand. *See, e.g.*, *Butler ex rel. J.B. v. Colvin*, No. CA 12-0382-C, 2013 WL 1007717, at *3 (S.D. Ala. Mar. 13, 2013) ("This 'misidentification' is important, of course, because the ALJ thereafter evaluated functional equivalence in the context of J.B. being solely a school-age child, as opposed to addressing the issue in both contexts, that is, as a school-age child and as an adolescent.... In the instant case, the ALJ's failure to consider functional equivalence in the context of J.B. maturing to adolescence (in addition to consideration of the issue in the school-age child context) was certainly error requiring remand of this case." (citations omitted)); *Tisdale ex rel. B.O.H. v. Astrue*, No. 8:07-cv-862-T-TGW, 2008 WL

4145838, *3 (M.D. Fla. Sept. 8, 2008) ("This [harmless error] argument is unpersuasive. In determining whether the child had marked or extreme limitations, the law judge was directed to compare the child to children his age who do not have impairments. If, in making that determination, the law judge compared the child to the wrong age group, the determination would be fundamentally flawed. And that is so, even if the law judge correctly stated the definitions of marked and extreme limitations.... [T]he decision reflects an error that warrants reversal."); *cf. Trammell v. Comm'r of Soc. Sec.*, No. 1:13cv794, 2015 WL 1020211, at *4 (S.D. Ohio Mar. 9, 2015) (finding that, where the child was a "school age child" when the application was filed but had progressed to the "adolescent" age category by the date of the evidentiary hearing, the ALJ "appropriately reviewed what a child in each of the two age categories should be able to demonstrate in the domain of acquiring and using information").

As the court in *Butler ex rel. J.B.* noted, "it would be improper for this Court to examine the different levels of functioning expected for each age group in the six domains contained in the regulations since the ALJ did not, in the first instance, examine those expected different levels of functioning." 2013 WL 1007717, at *3 n.8 (citation omitted). The Court agrees.

And, here, given Plaintiff's *pro se* status, such an examination would also be inconsistent with the Court's election to examine the ALJ's decision to the same extent that an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. That is, an experienced lawyer would have advised Plaintiff to pursue judicial review because the ALJ's failure "to

examine the different levels of functioning expected for each age group" – school-age child and adolescent – "in the six domains contained in the regulations" means that a reviewing court cannot find either that the ALJ's conclusion that A.D.W. is not disabled is supported by substantial evidence or that the Commissioner applied the proper legal standards to evaluate the evidence. *Id.*

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

SO ORDERED.

DATED: May 26, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.